IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIRANDA PINTO

    Plaintiff,

    v.                                     Civ No. 14-911 SCY/KBM

WARN INDUSTRIES, INC.,
INTERCOMP COMPANY, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Warn Industries' Motion for Summary Judgment For Spoliation of Evidence. *Doc. 71*. Having reviewed the briefing and considered the relevant law, the Court **DENIES** Defendant's Motion.[1]

**I.  UNDISPUTED FACTS AND PROCEDURAL BACKGROUND**

The following facts are undisputed. On September 8, 2011, Plaintiff Miranda Pinto was working as a transportation inspector for the New Mexico Department of Public Safety Motor Transportation Division. *Doc. 1-A* ¶ 6. That day, in the course of her duties and while operating a Warn Industries winch and Intercomp scale unit, her hand was drawn into the winch, causing two of her fingers to be amputated and her right thumb to be severely injured. *Id.* ¶ 5. At some point thereafter, the winch involved in the accident was replaced. *Doc. 61-B* at 1; *doc. 66-A* ¶¶ 7-8.

Defendant Warn Industries moves for summary judgment on the basis of spoliation of evidence, alleging that Plaintiff owed a duty to maintain the winch, failed in that duty, and

---

[1] Because the Court is denying Defendant's motion, Plaintiff's request under Federal Rule of Civil Procedure 56(d) for discovery (*doc. 66* at 5) is denied as moot.

1

severely prejudiced Warn Industries as a result. *Doc. 61* at 4-8. It contends that no lesser sanction than dismissal can be the appropriate remedy. *Id.* at 8-10. Plaintiff counters that, because she did not have control over the winch, she cannot fairly be held responsible for its disposition. Doc. 66 at 2-3.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).  All material facts set forth in the motion and response which are not specifically controverted are deemed undisputed. D.N.M.LR-Civ. 56.1(b).

### III. DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT

Because this Court sits in diversity jurisdiction, it "applies the most recent version of the law articulated by the state's highest court." *First American Kickapoo Operations, L.L.C. v. Multimedia Games*, 412 F.3d 1166, 1172 (10th Cir. 2005). Under New Mexico law, spoliation is defined as "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Restaurant Mgmt. Co. v. Kidde–Fenwal, Inc.*, 1999–NMCA–101 ¶ 9, 127 N.M. 708. There is no tort of negligent spoliation under New Mexico law. *Bush v. Thomas*, 1994-NMCA-127 ¶ 9, 119 N.M. 54. However, a court may impose sanctions on a party for negligent spoliation. *See Segura v. K-Mart Corp.*, 2003-NMCA-013 ¶ 10, 133 N.M. 192.

The threshold inquiry in determining if spoliation is applicable to a particular case is whether the party so accused had control over the evidence that was lost or destroyed. *See GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 352 (S.D.N.Y. 2012)("To secure spoliation sanctions based on the destruction or delayed production of evidence, a moving party must prove that (1) the party *having control over the evidence* had an obligation to preserve or timely produce it. . . .)(emphasis added); *see also In re NTL, Inc. Securities Litigation*, 244 F.R.D. 179, 193 (S.D.N.Y. 2007) (same); *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 515 n.11 (D. Md. 2009) (citing *In re NTL* with approval.) A party seeking a spoliation sanction must therefore show either that the accused party had the legal right, or the practical ability, to control the evidence at issue. *GenOn*, 282 F.R.D. at 355.

Plaintiff has provided her own sworn affidavit that contains the following assertions:

1. "I have had no control, power, or involvement as to [the winch's] disposition, storage, repair, or any other proprietary attribute of said unit."

2. "I did not direct, I was not consulted about, and neither was I informed of, any

>   repair or replacement of one the [sic] two winch components, or any other component, of the unit scale."
>
>   3. "Apart from occasional use of the unit, there is nothing in my scope of authority which permitted me any power of disposition, storage, repair, or curation of said unit."

*Doc. 66-1* ¶¶ 4-6. Similarly, Plaintiff testified during her deposition that she did not know what happened to the winch at issue. *Doc. 61-1* 160:23-25. Plaintiff's argument that she lacked control over the winch also gains support from the fact that she needed her attorney to write a letter to the Department of Public Safety in an effort to preserve the remote control device associated with the winch. *Doc. 66-3*. Conversely, the Court is unaware of any evidence that indicates Plaintiff took any action, except possibly for being injured, that caused the winch to be replaced. At a minimum, a factual dispute exists as to whether Plaintiff had control over the winch and can therefore be held responsible for its loss.

Further, even if Defendant had managed to present evidence that Plaintiff did, in fact, control the winch, dismissal would be too harsh a sanction in this case. Under New Mexico law, in deciding whether to impose sanctions, the Court must consider following factors:

1. the degree of fault of the party who altered or destroyed the evidence;
2. the degree of prejudice suffered by the opposing party;
3. whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Restaurant Mgmt. Co.*, 1999-NMCA-101 ¶ 13. Consideration of these factors weighs against granting summary judgment.

First, regarding the question of fault, no allegation exists that Plaintiff intentionally failed to maintain the winch. Plaintiff did fail to ask that the Department of Public Safety to preserve the winch in the August 19, 2013 letter in which she requested preservation of the related remote

control device she claims malfunctioned. *Doc. 66* at 2, Ex. 3. In this same letter, Plaintiff could have easily also requested the Department of Public Safety to preserve the winch. Whether Plaintiff had a duty to ask a third party to preserve evidence, however, is a question outside the scope of the briefs.[2] Moreover, even if she did have a duty and negligently breached that duty but not asking the Department of Public Safety to preserve the winch, dismissal of her case would be too harsh a consequence.

This is particularly true in light of the fact that her theory of liability includes claims, such as faulty design, that presumably are common to all winches of the same model sold.[3] *See Restaurant Mgmt. Co.*, 1999-NMCA-101 ¶ 15 (no adverse inference may be drawn "with respect to a claim based upon design defect when the destruction would not hinder the defense."). The Court agrees with Plaintiff that, "[w]hile the loss of the particular Warn winch unit in question may render Plaintiff unable to prove claims based upon any internal mechanical failure of the winch; nevertheless, claims based upon the absence of external safety devices, signage, and the like, which would be common to any model 3700 Winch unit . . . have not been affected by the absence of the winch unit itself." *Doc. 66* at 3. Any significant relevance of the loss of the winch goes to claims that the winch had an internal mechanical failure. With respect to this claim, the loss of the winch may harm Plaintiff, who carries the burden of proof, much more than Defendant. In sum, considerations of the second factor – prejudice -- weigh against granting summary judgment.

Finally, while spoliation need not be intentional to result in sanctions, the degree of

---

[2] While nothing prohibited Defendant from sending its own preservation letter to the Department of Public Safety, the Court has no information as to when Defendant could have reasonably anticipated litigation and whether this would have been before the winch was replaced. If the winch was already gone by the time Defendant could have anticipated litigation, Defendant would have had no meaningful opportunity to send its own preservation letter.
[3] Defendant argues that the model of the winch used cannot be determined unless the actual winch involved in Plaintiff's injury is recovered. *Doc. 61* at 2.. Plaintiff, however, indicates that the winch on which she was injured was similar, if not identical, to a second winch on the same trailer *Doc. 66-2* at 1. Thus, the Court cannot conclude for summary judgment purposes that the parties will be unable to determine the model of the winch at issue.

sanctions imposed is tempered by the facts of the particular case. *Restaurant Mgmt. Co.*, 1999-NMCA-101 ¶ 20. Outright dismissal is considered an extreme sanction that will only be appropriate in the unusual case. *Id.* On the facts before the Court, dismissal would be an inappropriately harsh sanction to impose even if Defendant could demonstrate negligent spoliation.

In light of the forgoing, the Court cannot find that Defendant is entitled to summary judgment.

**IT IS THEREFORE ORDERED THAT:**

Defendant's Motion for Summary Judgment For Spoliation of Evidence, (*Doc. 71*) is **DENIED**.

*Steve Yarbrough*