IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIRANDA PINTO

    Plaintiff,

    v.                                                                                                    Civ No. 14-911 SCY/KBM

WARN INDUSTRIES, INC.,
INTERCOMP COMPANY, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Defendant Intercomp's Motion For Leave to File an Amended Complaint to Include Cross-Claim for Indemnification. *Doc. 65*. Defendant Warn Industries opposes this Motion, Plaintiff does not. *Id.* at 3. Having reviewed the briefing and considered the relevant law, the Court will **GRANT** Defendant's Motion.

**I.**    **BACKGROUND**

    On September 8, 2011, Plaintiff Miranda Pinto was working as a transportation inspector for the New Mexico Department of Public Safety Motor Transportation Division. *Doc. 1-A ¶ 6*. That day, in the course of her duties and while operating a winch manufactured by Warn and installed on a scale unit Intercomp sold, her hand was drawn into the winch, causing two of her fingers to be amputated and her right thumb to be severely injured. *Id. ¶ 5, doc. 61 ¶ 11*. At some point thereafter, the winch involved in the accident was replaced. *Doc. 61-B at 1; doc. 66-A ¶¶ 7-8*.

    Defendant Intercomp seeks to add a cross-claim for indemnification against Defendant Warn Industries (the manufacturer of the winch) to the extent Plaintiff demonstrates that the

winch had "defects in design or information." *See generally* Doc. 65 at ¶ 6. Defendant Warn opposes the amendment on the basis that it: (1) is untimely and fails to meet the "good cause" requirement of Federal Rule of Civil Procedure 16 and (2) is futile.

II.  **ANALYSIS**

A.  **Good Cause Exists to Allow Defendant Intercomp to Amend its Answer**

Defendant Intercomp asserts that Plaintiff's deposition testimony and expert report made clear that Plaintiff's claims are based on allegations of defects in "the design or information regarding the Warn winch." *Doc.* 65 at ¶ 5. It further argues that permitting its cross-claims would facilitate the expeditious resolution of all claims between the parties in one proceeding and would not unfairly prejudice Defendant Warn. *Id.* at ¶¶ 11-12. In response, Defendant Warn notes the April 1, 2015 deadline to amend pleadings in this matter, asserts that Plaintiff's August 21, 2014 complaint put Defendant Intercomp on notice of the factual predicate for its cross-claim, and therefore argues that Defendant Intercomp's May 13, 2015 motion to amend its answer to file a cross-claim is inexcusably late and should not be permitted. *Doc. 67* at ¶¶ 3-6. The Court finds that the interests of justice favor allowing Defendant Intercomp to file its cross-claim.

A party seeking to amend the pleadings after the Court's amendment deadline must, pursuant to Federal Rule of Civil Procedure 16(b)(4), demonstrate good cause to amend the scheduling order. To meet the Rule 16 good cause standard for amendment, "the moving party [must] show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. February 25, 2009) (*quoting Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006)). Under Federal Rule of Civil Procedure 15(a)(2), the court should freely give leave to

amend when justice requires. *See, e.g., Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

Defendant Warn is correct that Plaintiff's complaint placed Defendant Intercomp on notice that Plaintiff sought damages based on "the winch and combined scale and winch unit" and the lack of ordinary care used in "[d]esigning the winch and winch/scale apparatus." *Doc. 1-A* ¶¶ 10-11.  The complaint, however, is somewhat vague in that it groups Defendants Warn and Intercomp together and consistently refers to the "winch/scale apparatus", as opposed to just "the winch." *Doc. 1-A* ¶¶ 10-12, 14.  It also refers to defects in component parts of the scale/winch apparatus, such as problems with switches and short circuits. *Id.* ¶ 12.  Thus, the need to file a cross-claim against Defendant Warn may have become apparent to Defendant Intercomp only after discovery revealed the precise nature of Plaintiff's claims.  Further, while Defendant Intercomp did have sufficient information to *justify* filing its cross-claim in its original answer, strictly requiring a co-defendant to immediately file a cross-claim before the need is clear would encourage unnecessary litigation stemming from questionable cross-claims filed out of concern that, if not immediately filed, they would be lost forever regardless of future developments in the course of litigation.

Additionally, Defendant Intercomp sought the amendment within a month and a half of the amendment deadline, and approximately a month after Defendant Intercomp asserts it became clear that Plaintiff's claims focused on alleged conduct of its co-defendant.  Thus, no extreme delay occurred.  Allowing Defendant Intercomp to file the cross-claim will also promote the interests of judicial economy by avoiding multiple suits related to the same events.  Given all of these factors, the Court finds that the interests of justice are served by granting Defendant Intercomp's motion to file an amended answer that includes its cross-claim(s).

### B.      Defendant Intercomp's Proposed Amendment is not Futile

Defendant Warn also asserts that Defendant Intercomp's motion is futile because "there are no circumstances under which Intercomp will be held legally responsible for Warn's liability." *Doc. 67* ¶ 8. Defendant Warn further correctly notes that a court may deny leave to amend if the amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228,1238 (10th Cir. 2007). A proposed amendment is futile if the new claims or defenses would be subject to dismissal under the Federal Rule of Civil Procedure 12(b)(6) standard. *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006); *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004); *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010).

Defendant Intercomp seeks indemnification from Defendant Warn to the extent Defendant Intercomp is found liable "for alleged defects in design or information regarding the Warn winch." *Doc. 65* ¶¶ 6, 8. Specifically, Defendant Intercomp seeks traditional indemnification (sometimes referred to as common law indemnification) as well as proportional indemnification (sometimes referred to as equitable indemnification). *Doc. 76 at 5.* As Defendant Intercomp notes, Plaintiff's claims with regard to the winch sound in both negligence and strict liability. *Doc. 76 at 4.*

In New Mexico, traditional indemnification applies to both negligence and strict liability claims. *In re Consol. Vista Hills Retaining Wall Litig.*, 1995-NMSC-020 ¶ 9, 119 N.M. 542 ("traditional indemnification principles apply in both negligence and strict liability cases involving persons in the chain of supply of a product."); *Otero v. Jordan Restaurant Enterprises*, 1996-NMSC-047 ¶ 11, 122 N.M. 187. "[T]raditional indemnification is a judicially created common-law right that grants to one who is held liable an all-or-nothing right of recovery from a third party." *In re Consol. Vista Hills Retaining Wall Litig.*, 1995-NMSC-020 ¶ 7, 119 N.M.

542.  Under traditional indemnification, "a party who has been held liable without active fault [may] seek recovery from one who was actively at fault." *In re Consol. Vista Hills Retaining Wall Litig.*, 1995-NMSC-020 ¶ 10. Active conduct is defined as personal participation in an affirmative act of negligence, or a connection with negligent acts or omission by knowledge or acquiescence, or failure to perform a required duty. *Id.* ¶ 12. In contrast, passive conduct includes failing to discover or remedy a dangerous situation created by the wrongdoing of another, or "*is nothing more than the retailer in the chain of distribution of a product*. *Id.* ¶ 12 (emphasis added).

Unlike long-toothed traditional indemnification, proportional indemnification has only been recognized in New Mexico since 1995.  *In re Consol. Vista Hills Retaining Wall Litig.*, 1995-NMSC-020 ¶ 36, 119 N.M. 542 ("Now to establish an equitable system in which a defendant who cannot raise the fault of a concurrent tortfeasor as a defense because of the plaintiff's choice of remedy, we adopt the doctrine of proportional indemnification under which a defendant who is otherwise denied apportionment of fault may seek partial recovery from another at fault.")  The New Mexico Supreme Court, however, narrowly limited the application of proportional indemnification to situations "when contribution or some other form of proration of fault among tortfeasors is not available." *Id.* ¶ 39.  The Honorable James A. Parker has applied this limitation to hold that "proportional indemnification is not available in New Mexico tort cases." *Flowers v. Lea Power Partners, LLC*, 2012 WL 2922689 at *1 (D.N.M. April 17, 2012) (unpublished).

By statute, New Mexico also recognizes the right of contribution between joint tortfeasors.  NMSA 1978 § 41-3-2(A) (Uniform Contribution Among Tortfeasors Act). "[J]oint tortfeasor means two or more persons jointly or severally liable in tort for the same injury to

person or property, whether or not judgment has been recovered against all or some of them." NMSA 1978 § 41-3-1. Because contribution and proportional indemnification both allow a defendant to seek partial recovery from another for his or her fault, the two causes of action are similar. *Flowers v. Lea Power Partners, LLC*, 2012 WL 2922689 at *5.

### 1. Traditional Indemnification

Defendant Warn argues that Defendant Intercomp's proposed cross-claim for traditional indemnification fails to state a claim because Defendant Intercomp engaged in active conduct.[1] *Doc. 67* ¶¶ 14-16. Specifically, Defendant Warn insists that Intercomp was "anything but" a passive tortfeasor because it was solely responsible for all communications regarding the purchase of the combined scale/winch apparatus to the State of New Mexico and, therefore, is the only entity "capable of ensuring that the purchaser received all product materials, including instructions and warnings that accompanied the subject winch at the time Warn sold it." *Doc. 67* ¶¶ 10-13. Defendant Warn also argues that Defendant Intercomp's active conduct included failing to properly select and incorporate the winch on the trailer/scale unit the State of New Mexico purchased. *Doc. 67* ¶ 15.[2]

If Plaintiff only claimed that her injuries stemmed from a failure on Defendant Intercomp's part to recommend the appropriate winch or to deliver warnings or instructions, Defendant Warn's argument would have some force. But, among other allegations, Plaintiff alleges that the winch failed to work properly as a result of a defect in the way it was designed. *Doc. 1-A* ¶ 11. If a jury agrees, Defendant Intercomp, who presumably did not design the winch, could be entitled to traditional indemnification or contribution. And, questions of whether

---

[1] Although Defendant Warn generally referred to "indemnification" rather than to "traditional indemnification" or "common law indemnification", as set forth above, the passive/active analysis applies to traditional indemnification.
[2] Warn also admits that a third party, Felling Trailers, Inc., installed (and so presumably selected) the winches on the trailers containing the scale/winch apparatuses that Intercomp sold. *Id.* ¶ 11.

6

Defendant Intercomp engaged in active conduct, or should share fault with Defendant Warn, are questions for the jury.  *See*, *In re Consol. Vista Hills Retaining Wall Litig*., 1995-NMSC-020 ¶ 47, 119 N.M. 542 (reversing dismissal of third-party plaintiff's traditional indemnification claim because whether conduct is active or passive is a fact question).

While it is possible that Intercomp could be found to be an active tortfeasor if, for example, Plaintiff can demonstrate that Intercomp should have known there was some issue with the winch, it is also possible that Intercomp could be found only to be a passive retailer that transmitted the winch between Warn and the State of New Mexico.  At this point, the Court's only concern is whether Intercomp has pled any legally sufficient basis for its proposed cross-claim.  *Cf. Ripley v. Childress*, 695 F. Supp. 507, 510 (D.N.M. 1988). By asserting it has only passive fault, Defendant Intercomp has met this burden. *Doc. 65* ¶ 6.

In addition to arguing that denial of Intercomp's motion to amend is proper because Intercomp engaged in active conduct, Defendant Warn argues that a jury will ultimately apportion fault, if any, between Defendants.  *Doc. 67* ¶¶ 17-18.  Therefore, Defendant Warn continues, allowing Defendant Intercomp to file a cross-claim serves no purpose.  This argument has no bearing on Defendant Intercomp's traditional indemnification claim, which provides for an all-or-nothing recovery.

A jury's' apportionment of fault between Defendants is not binding for purposes of traditional indemnity.  In *Safeway, Inc. v. Rooter 2000 Plumbing and Drain,* a plaintiff and her child were injured at a Safeway when changing table became dislodged from the wall.  2013-NMCA-021, ¶ 2 (2012).  The plaintiff sued Safeway, the owner of the changing room, and Rooter, the company that installed the changing table.  *Id*. Rooter and the plaintiff settled the case before trial.  *Id.* at 4.  Safeway filed cross-claims against Rooter, but the district court

dismissed those claims. *Id*. The plaintiff and Safeway went to trial on the plaintiff's claim that Safeway had a non-delegable duty to maintain safe premises. *Id*. at 2-5. A jury ultimately found Safeway to be forty percent at fault and Rooter to be sixty percent at fault. *Id*. at 5. Safeway then appealed the district court's summary judgment order dismissing the cross-claims against Rooter. *Id*. On appeal, Rooter argued that because the jury apportioned fault between Safeway and Rooter, Safeway had no common law right to indemnification. *Id*. at 22. The Court of Appeals disagreed and held that Safeway retained a right to seek common law (also known as "traditional") indemnification in spite of this apportionment. *Id.* at 31. Thus, under *Safeway*, a jury's apportionment of fault between two tortfeasors does not necessarily bar one tortfeasor, who is found negligent to some degree, from asserting a claim for traditional indemnification.

### 2. Proportional Indemnification and Contribution

The New Mexico Supreme Court has narrowly limited the application of proportional indemnification to situations "when contribution or some other form of proration of fault among tortfeasors is not available." *In re Consol. Vista Hills Retaining Wall Litig*., 119 N.M. at ¶ 39. The New Mexico Contribution Among Tortfeasors Act, NMSA 1978 §§ 41-3-1 through 41-3-8, applies joint and several liability to strict product liability actions (§ 41-3A-1(C)(3)), but also provides for the right of contribution among joint tortfeasors (§ 41-3-2(A)). Because the right of contribution is available as a means of proration, no proportional indemnity cross-claim is available in connection with any claim Plaintiff has for strict products liability. Further, with regard to Plaintiff's negligence claims, a jury would apportion fault between Defendants Warn and Intercomp. Therefore, a form of proration is available and proportional indemnification is not. This result is also consistent with Judge Parker's determination that proportional indemnification is not available in torts.

Analysis of whether proportional indemnification is available, however, does not resolve whether Defendant Intercomp should be able to file a cross-claim for contribution. Although Defendant Intercomp has used the term "proportional indemnification" rather than contribution (*Doc. 65* ¶ 9, *Doc. 76* at 5-6), as Judge Parker noted, the concepts are very similar. Further, regardless of the label, what Defendant Intercomp seeks is clear: permission to file a cross-claim that would allow it to recover from Defendant Warn any share of damages attributable to Defendant Warn. Thus, the Court will construe Defendant Intercomp's request to file a cross-claim for proportional indemnification as a motion to file a cross-claim for contribution.

With regard to contribution, the Court rejects Defendant Warn's argument that allowing Defendant Intercomp to file a cross-claim serves no purpose because a jury will ultimately apportion fault anyway. A trial with Defendant Intercomp as a cross-claimant would be much different than a trial where Defendant Intercomp was simply a co-defendant. Defendant Intercomp would be entitled to different discovery leading up to trial and, if the case went to trial, Defendant Intercomp's status as an adversary of Defendant Warn would entirely change the complexion of the trial. Thus, Defendant Warn's argument fails to appreciate how the change in Defendant Intercomp's status could affect the manner in which the course of this litigation unfolds.

Moreover, the premise of Defendant Warn's argument, that a jury will apportion fault between the Defendants, will not necessarily prove true. If Plaintiff prevails only on her strict liability claim, Defendants Warn and Intercomp would be, as discussed above, held joint and severally liable. As a result, a jury would have no reason to apportion fault between Defendants Intercomp and Warn. Because the premise of Defendant Warn's argument (that a jury will

9

necessarily apportion fault) fails, so does the rest of Defendant Warn's argument with regard to any claim governed by strict liability.

### III. CONCLUSION

For the forgoing reasons, Defendant Intercomp's Motion For Leave to File an Amended Answer to Include Cross-Claim for Indemnification (*doc. 65*) is **GRANTED**. Defendant Intercomp must file its amended answer including any cross-claim available to it no later than July 22, 2015.

*Steve Yarbrough* (signature)