IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIRANDA PINTO

     Plaintiff,

     v.                                                      Civ No. 14-911 SCY/KBM

WARN INDUSTRIES, INC.,
INTERCOMP COMPANY, INC.,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Intercomp Company, Inc.'s Motion for

Summary Judgment For Spoliation of Evidence. *Doc. 70.* Having reviewed the briefing and

considered the relevant law, the Court **DENIES** Defendant's Motion.

**I.     UNDISPUTED FACTS AND PROCEDURAL BACKGROUND**

The following facts are undisputed. On September 8, 2011, Plaintiff Miranda Pinto was

working as a transportation inspector for the New Mexico Department of Public Safety Motor

Transportation Division. *Doc. 1-A* ¶ 6. That day, in the course of her duties and while operating a

Warn Industries winch and Intercomp scale unit, her hand was drawn into the winch, causing

two of her fingers to be amputated and her right thumb to be severely injured. *Id.* ¶ 5. At some

point thereafter, the winch involved in the accident was replaced. *Doc. 66*-A ¶¶ 7-8. Plaintiff

does not know what happened to the winch involved in her injury or how to find the winch. *Doc.

61-1* 160:23-25; *Doc. 70* at 5.

Defendant Intercomp moves for summary judgment on the basis of spoliation of

evidence, alleging that Plaintiff owed a duty to maintain the winch, failed in that duty, and

severely prejudiced Intercomp as a result. *Doc. 70* at 8-10. It contends that no lesser sanction than dismissal can be the appropriate remedy. *Id.* at 10. Plaintiff counters that, because she did not have control over the winch, she cannot fairly be held responsible for its disposition. *Doc. 84* at 3, Ex. 3.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc*., 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  *See Celotex Corp*., 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."  *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."  Fed. R. Civ. P. 56(c)(1)(A).  All material facts set forth in the motion and response which are not specifically controverted are deemed undisputed. D.N.M.LR-Civ. 56.1(b).

### III.   DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT

Because this Court sits in diversity jurisdiction, it "applies the most recent version of the law articulated by the state's highest court." *First American Kickapoo Operations, L.L.C. v. Multimedia Games*, 412 F.3d 1166, 1172 (10th Cir. 2005). Under New Mexico law, spoliation is defined as "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Restaurant Mgmt. Co. v. Kidde–Fenwal, Inc.*, 1999–NMCA–101 ¶ 9, 127 N.M. 708. There is no tort of negligent spoliation under New Mexico law. *Bush v. Thomas*, 1994-NMCA-127 ¶ 9, 119 N.M. 54. However, a court may impose sanctions on a party for negligent spoliation. *See Segura v. K-Mart Corp.*, 2003-NMCA-013 ¶ 10, 133 N.M. 192.

The threshold inquiry in determining if spoliation is applicable to a particular case is whether the party so accused had control over the evidence that was lost or destroyed.  *See GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 352 (S.D.N.Y. 2012)("To secure spoliation sanctions based on the destruction or delayed production of evidence, a moving party must prove that (1) the party *having control over the evidence* had an obligation to preserve or timely produce it. . . .) (emphasis added); *see also In re NTL, Inc. Securities Litigation*, 244 F.R.D. 179, 193 (S.D.N.Y. 2007) (same); *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 515 n.11 (D. Md. 2009) (citing *In re NTL* with approval.) A party seeking a spoliation sanction must therefore show either that the accused party had the legal right, or the practical ability, to control the evidence at issue. *GenOn*, 282 F.R.D. at 355.

As this Court discussed in its prior order addressing essentially the same issue (raised by Defendant Warn Industries) Plaintiff has provided her own sworn affidavit that contains the following assertions:

1. "I have had no control, power, or involvement as to [the winch's] disposition, storage, repair, or any other proprietary attribute of said unit."

2. "I did not direct, I was not consulted about, and neither was I informed of, any repair or replacement of one the [sic] two winch components, or any other component, of the unit scale."

3. "Apart from occasional use of the unit, there is nothing in my scope of authority which permitted me any power of disposition, storage, repair, or curation of said unit."

*Doc. 84-3* ¶¶ 4-6. Similarly, Plaintiff testified during her deposition that she did not know what happened to the winch at issue. *Doc. 61-1* 160:23-25.  Plaintiff's argument that she lacked control over the winch also gains support from the fact that she needed her attorney to write a letter to the Department of Public Safety in an effort to preserve the remote control device associated with the winch.  *Doc. 66-3.* As with Defendant Warn, Defendant Intercomp has not presented any evidence to suggest that Plaintiff had control over the winch at issue simply because she was empowered to use it in the course of her employment.

While the Court agrees with Defendant Intercomp that it could be prejudiced by the absence of the winch and scale apparatus, the potential prejudice is not so great as to warrant the draconian sanction of dismissal. Under New Mexico law, in deciding whether to impose sanctions, the Court must consider following factors:

1. the degree of fault of the party who altered or destroyed the evidence;

2. the degree of prejudice suffered by the opposing party;

3. whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Restaurant Mgmt. Co.*, 1999-NMCA-101 ¶ 13.  Consideration of these factors weighs against granting summary judgment.

First, regarding the question of fault, Defendant Intercomp has not established that

4

Plaintiff intentionally failed to maintain the winch.  In fact, Defendant Intercomp's motion is based on a theory of negligent spoliation rather than intentional spoliation.  Defendant Intercomp contends that Plaintiff negligently spoiled the evidence by failing to take photographs of the scale/winch apparatus that injured her or by otherwise directing her employer to do so. *Doc. 70* at 8-10. However, as Intercomp itself acknowledges, it does not know when the trailer/winch apparatus was replaced.  As a result, the Court has no information with regard to how long Plaintiff had an opportunity to take photographs or otherwise preserve the winch.  For instance, if the winch was removed the day of Plaintiff's injury, the Court would not find that Plaintiff, who was seeking medical care for her injury, acted negligently in not taking immediate action to preserve evidence in some form for a future lawsuit.[1] In the absence of any indication of when the winch was removed, or by whom, the Court cannot say, as a matter of law, that Plaintiff was negligent in failing to preserve the winch by photographing it or directing her employer to do so.

Further, Intercomp has pointed to no evidence that demonstrates Plaintiff had the power to direct her employer to preserve evidence.  Plaintiff did fail to ask that the Department of Public Safety to preserve the scale apparatus in the August 19, 2013 letter in which she requested preservation of the related remote control device she claims malfunctioned.  *Doc. 66* at 2, Ex. 3. But Defendant Intercomp has not cited any law showing that Plaintiff had a duty to ask a third party to preserve evidence.[2]

With regard to prejudice, loss of the winch and scale apparatus may equally, if not more severely, harm Plaintiff.  Plaintiff alleges that the warning labels affixed to the winch were faded

---

[1] The Court notes that Plaintiff did eventually seek the preservation of some of the relevant evidence. *Doc. 66-3.*But this letter also gives no indication of when the winch was disposed of or who disposed of it, only that Plaintiff believed that the items were still under the control of the Department of Public Safety.

[2] While nothing prohibited Defendant from sending its own preservation letter to the Department of Public Safety, the Court has no information as to when Defendant could have reasonably anticipated litigation and whether this would have been before the scale apparatus was replaced.  If the scale apparatus was already gone by the time Defendant could have anticipated litigation, Defendant would have had no meaningful opportunity to send its own preservation letter.

or illegible and not properly affixed. *See, e.g., doc. 70-3* at 157:18-158:2. And she also admits that she has no proof of that fact other than her own testimony. *Id.* at 158:3-5. Without the labels, Intercomp will have difficulty proving they were properly affixed and not faded and Plaintiff will have difficulty proving they were not properly affixed and faded. But Plaintiff, not Intercomp, carries the burden of proof. Moreover, even without the actual winch and scale unit or pictures of them, Defendants can explore whether others who worked with the same winch and scale unit near the time of Plaintiff's injury remember how the labels were affixed, whether they were faded, and what they said.

Regarding the content of labels at issue, having those labels would remove any doubt as to which labels were on the winch and scale unit. Nonetheless, it may be that the universe of labels Defendants placed on winches and scale units are relatively standard. If so, the loss of the winch and scale unit does not preclude Defendant Intercomp from arguing that the adequacy of the warnings most likely placed on the winch and scale unit were sufficient. If a question exists as to what labels were used, Defendant Intercomp could also argue that it should receive the benefit of the doubt. Thus, considerations of the second factor – prejudice -- weigh against granting Defendant's request for summary judgment.

Finally, while spoliation need not be intentional to result in sanctions, the degree of sanctions imposed is tempered by the facts of the particular case. *Restaurant Mgmt. Co*., 1999-NMCA-101 ¶ 20. Outright dismissal is considered an extreme sanction that will only be appropriate in the unusual case. *Id.* On the facts before the Court, even if the Court did find a sanction appropriate – which, here, it does not -- dismissal would be an inappropriately harsh sanction to impose even if Defendant could demonstrate negligent spoliation.

In light of the forgoing, the Court cannot find that Defendant is entitled to summary

judgment.

   **IT IS THEREFORE ORDERED THAT:**

Defendant's Motion for Summary Judgment For Spoliation of Evidence (*doc. 70*) is **DENIED**.